UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DEVIN JEFFERSON, : 

    Plaintiff, : Civ. No. 15-1086 (KM) (MAH)

v. : **OPINION**

ELIZABETH POLICE DEPARTMENT, et al., :

    Defendants. :

---

### KEVIN MCNULTY, U.S.D.J.

## I. INTRODUCTION

The plaintiff, Devin Jefferson, is a prisoner at the Southern State Correctional Facility in Delmont, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Mr. Jefferson's application to proceed *in forma pauperis* will be granted based on the information provided therein. Accordingly, the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be permitted to proceed against defendant George Lias, but will be dismissed without prejudice for failure to state a claim against defendants F. Banos and the Elizabeth Police Department.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. The complaint names three defendants: (1) Officer George Lias[1]; (2) F. Bonos; and (3) the Elizabeth Police Department.

The complaint alleges as follows: On January 15, 2014, Mr. Jefferson was driving a truck that was being chased by the police. Officers attempted to pull Mr. Jefferson over and block him. Jefferson's truck hit a fire hydrant, and he shifted the truck into reverse so he could inspect the damage. Jefferson alleges that, at that time, Officer Lias shot him through the driver's side window. Mr. Jefferson then drove off and went to the hospital to get treatment for his gunshot wound. Jefferson claims that the shooting caused nerve and tissue damage, and shattered an arm bone. A bone graft was done and a metal plate was inserted in his arm. He seeks damages for his pain and suffering.

## III.   STANDARD OF REVIEW

### A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[1]   The current docket lists this defendant's last name as "Luis." Because the complaint has not been answered, I do not possess further information. For purposes of this opinion, then, I will adopt the plaintiff's spelling of "Lias."

2

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curaim) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

3

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

### A. George Lias

The Court construes Mr. Jefferson's complaint against Lias as a claim of use of excessive force. Excessive force claims during arrests and investigatory stops are governed by the Fourth Amendment. *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In analyzing an excessive force claim, the defendant's use of force is analyzed to determine whether it was objectively reasonable under the circumstances. *See Graham*, 490 U.S. at 397. That reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Plaintiff alleges that he hit a fire hydrant while officers were attempting to pull him over. He then backed up to survey the damage whereupon Lias shot him. For purposes of screening, I must accept the allegations of the complaint as true, although they may of course be disputed by the defendant. The allegations of the complaint state an excessive force claim against Lias that is sufficient to get the complaint past the screening stage and put defendant Lias to the burden of filing an answer or other pleading in response.

B. F. Banos

F. Banos is named in the caption as a defendant, but the complaint is otherwise completely silent as to Banos. To properly plead a Section 1983 claim, the complaint must allege that the defendant was personally involved in the alleged deprivation of constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). The personal involvement requirement may be met by either personal direction of, or actual knowledge and acquiescence in, the allegedly tortious acts. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, No. 12-7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013). The complaint makes such allegations of personal involvement—or indeed any allegations—against Banos. *A fortiori*, the complaint fails to meet the test of *Twombly* and *Iqbal*. Mr. Jefferson's federal claims against Banos will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

To the extent that Mr. Jefferson may be intending to raise state law claims against Banos, I will dismiss them for lack of subject matter jurisdiction. The parties are not alleged to be of diverse citizenship. *See* 28 U.S.C. § 1332. Supplemental jurisdiction under 28 U.S.C. § 1367 is declined because there are no federal law claims against Banos sufficient to withstand the initial

screening of the complaint. *See* 28 U.S.C. § 1367(c)(3); *T.R. v. Cnty. of Delaware*, No. 13-2931, 2013 WL 6210477, at *8 (E.D. Pa. Nov. 26, 2013) (declining supplemental jurisdiction over state law claims over one defendant where there are no viable claims against that defendant, despite the fact that plaintiff may have pled plausible claims against another defendant) (citation omitted); *see also Nadal v. Christie*, No. 13-5477, 2014 WL 2812164, at *8 (D.N.J. June 23, 2014).

### C. Elizabeth Police Department

Mr. Jefferson also has named the Elizabeth Police Department as a defendant in the caption of the complaint. The theory of liability as to this defendant is also not clear from the face of the complaint. Nevertheless, even liberally construing this *pro se* complaint, I cannot find a viable claim.

First, the Elizabeth Police Department is not a "person" subject to liability under § 1983. A New Jersey police department is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal government." N.J. STAT. ANN. § 40A:14-118. Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (per curiam) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted); *see also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("Court "treat[s] the municipality and its police department as a single entity for purposes

6

of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F. Supp. 315, 329 n.1 (D.N.J. 1996).

Second, even if the complaint properly named the municipality as a defendant, it would not state a claim upon which relief may be granted. A municipality cannot be held vicariously liable for the acts of its officers via *respondeat superior*. *See Rode*, 845 F.2d at 1207. The complaint in this case fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Soc. Servs. New York City*, 436 U.S. 658 (1978). *See Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was"); *Karmo v. Borough of Darby*, No. 14-2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept. 24, 2014) (same). The federal claims against the Elizabeth Police Department (or the City of Elizabeth) will therefore be dismissed without prejudice for failure to state a Section 1983 claim upon which relief may be granted.

To the extent that the complaint may be attempting to raise state law claims against Elizabeth or the Elizabeth Police Department, I decline to consider them for the same reasons discussed as to defendant Banos, *supra*.

## V. CONCLUSION

For the foregoing reasons the complaint shall be permitted to proceed as to defendant Lias. The federal causes of action against defendants Banos and the Elizabeth Police Department are dismissed without prejudice for failure to state a claim upon which relief can be granted. The

Court declines to exercise supplemental jurisdiction over Mr. Jefferson's state law claims against defendants Banos and the Elizabeth Police Department. An appropriate order will be entered.

Dated: February 19, 2015

_____
KEVIN MCNULTY
United States District Judge